### CURTIS v. SETTLE.

An affidavit, in attachment, that the "affiant has good reason to believe, and
does believe, that the defendant is about to convey his property, so as
to hinder or delay his creditors," is sufficient, and it is not necessary
to charge fraud in the acts alleged. It is sufficient to follow the words
of the statute, and the words of themselves imply fraud. (See act con-
cerning "Attachments," Laws of Mo., session 1838-9, p. 6, sec. 1.)

Appeal from the St. Louis Court of Common Pleas.

KING & MURDOCK for Appellants.

DARBY & KNOX for Appellee.

*Opinion of the Court, delivered by Tompkins, Judge.*

This is an action commenced in the court of common
pleas of St. Louis county by Curtis, against Settle. Judg-

ment was given for the defendant in the court of common pleas, and to reverse that judgment the plaintiff appeals.

The defendant in the court of common pleas moved to quash the attachment on account of the insufficiency of the affidavit, which, after stating the indebtedness of the defendant, is in these words : "And that this affiant has good reason to believe, and does believe, that the said Thomas G. Settle is about to convey his property so as to hinder or delay his creditors."

The defendant in error contends that the affidavit required by the attachment law, under which the attachment in the above cause was issued, should charge fraud where the fact upon which the affidavit is based, is a conveyance of property. The law relied on, is the fourth clause of the first section of the act to amend an act, &c., page 6th of the acts of the session of 1838–9, approved 13th February, 1838. It is in these words : " Fourth. Where the debtor has fraudulently conveyed, assigned; removed, concealed, or disposed of, or is about to convey, assign, remove, or dispose of any of his property or effects, so as to defraud, hinder, or delay his creditors." In the first member of this clause there are five cases in which a plaintiff, by making the required affidavit, may obtain an attachment : they all relate to a fraudulent act already done ; first, where the debtor has fraudulently conveyed, where the debtor has fraudulently assigned, or has fraudulently removed his property, &c. In the second member of said clause there are four cases stated in which a plaintiff, making the proper affidavit, may obtain an attachment : first, where the debtor is about to convey any of his property or effects, so as to defraud any of his creditors : second, when the debtor is about to assign any of his property or effects so as to hinder or delay any of his creditors. Again, where the debtor is about to assign any of his property so as to hinder or delay his creditors ; and so of the remaining cases.

The affidavit here, is, that the defendant was about to convey his property so as to hinder or delay his creditors. The words, "hinder and delay" are, in my opinion, of the same import, and either would have been sufficient. But the plain-

MAY TERM.
1842.

Custis
v.
Settle.

believe, that the defendant is about to convey his property, so as to hinder or delay his creditors," is sufficient; and it is not necessary to charge fraud in the acts alleged. It is sufficient to follow the words of the statute, and the words of themselves imply fraud. (See act concerning "Attachments," Laws of Mo. session 1838—9, p. 6, sec. 1.)

tiff has not done amiss to use both. The language is full after the manner of law writers; and it was not necessary to charge fraud in the facts alleged in the affidavit. The words imply fraud. The law, as it protects each individual in the enjoyment of his person and property, requires each member of society to have his property in readiness to be taken in execution whenever a judgment shall be obtained against him, in a court of justice: and he, who conveys to another his property, with intent to hinder or delay his cred itor, is guilty of a fraud on that creditor, and indeed, on the law of the land: no less guilty is he who assigns his property with intent to hinder or delay his creditors. By the process of the law he may perhaps have collected for twenty years previous money due to himself from other members of the community, and when he becomes by any casualty himself indebted, if he withdraws his property from the process of the law, by any of the means above mentioned, he becomes a traitor to the community of which he is a member. If an honest man wishes to assign his property, the law for the re- lief of insolvent debtors furnishes him means of staying the hand of a hard creditor; and any other mode than that prescribed by that law is in itself fraudulent, and it is not necessary that the plaintiff sueing out an attachment should charge fraud in express terms, neither the letter nor the spi- rit of the act requires it.

The affidavit then was good, and the court of common pleas in my opinion committed error in quashing it. Its judgment is therefore reversed, and the cause remanded.